◼ In the Matter of DAVID B. GUILFOOSE, Petitioner, v NEW YORK STATE AGRICULTURE EXPERIMENT STATION, Respondent. — Mahoney, P. J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated October 19, 1983, which dismissed petitioner's complaint of an unlawful discriminatory practice based on disability.

Petitioner filed a complaint with the State Division of Human Rights charging that he had been terminated as a groundskeeper for respondent, a division of Cornell University's College of Agriculture and Life Sciences, because he suffered a physical disability. After investigation and following a review of the related evidence, the Division determined that there was not probable cause to believe that respondent engaged in a discriminatory practice.

The Division's investigation pursuant to Executive Law § 297 (2) revealed that, on August 5, 1982, petitioner's activities were

medically restricted so that his ability to perform the full range of duties required by his job was impaired. Petitioner did not work for the next seven months. On March 8, 1983, respondent notified petitioner that he had used nearly all of his sick leave, disability leave and vacation time, and that his employment would be terminated when his leave ran out in order to fill the position with an active employee. On March 28, 1983, petitioner's doctor lifted the medical restrictions. Five days later, petitioner was again hospitalized. Petitioner was terminated on April 14, 1983. Several months later, when petitioner was medically advised that he could return to work, he was informed by respondent that his position had been eliminated due to budgetary restraints. Based on the investigation, the Division dismissed petitioner's complaint. Petitioner commenced this proceeding to review the Division's determination.

Since there clearly exists a rational basis for the Division's determination, the petition must be dismissed. The investigation included a field visit, conferences, interviews and the submission of numerous documents. Petitioner was given a full opportunity to rebut respondent's evidence. Indeed petitioner was still suffering from a medical disability when his position was eliminated for budgetary purposes. Accordingly, we cannot conclude that the Division acted in either a capricious or arbitrary manner (*see, Matter of Siegel v State Div. of Human Rights,* 105 AD2d 1051).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.